IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

| | |
|---|---|
| ADAM W. WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action, Case No.: 5:17-cv-122-TBR |
| v. | ) |
| | ) JURY DEMAND |
| MURCAL SERVICES, LLC d/b/a STEELE & ALLBRITTEN, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

COMES NOW the Plaintiff, Adam W. Williams, by and through his undersigned counsel, and for his Complaint states as follows:

### NATURE OF THE COMPLAINT

1. This is a civil action arising under the laws of the United States and of the State of Kentucky, and is brought pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, and the Kentucky Civil Rights Act, Ky. Rev. Stat. § 344.010 *et seq.*

### THE PARTIES

2. Mr. Williams is a resident of Hardin, Marshall County, Kentucky. Mr. Williams was, at all relevant times, an employee of Defendant Murcal Services, LLC d/b/a Steele & Allbritten.

3. Defendant Murcal Services, LLC is a Kentucky Limited Liability Company doing business as Steele & Allbritten with its principal place of business at 209 South 3rd Street, Murray, KY 42071. Its registered agent for service of process is Harold T. Hurt, who may be served at 111 South 4th Street, Murray, KY 42071.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Mr. Williams' federal claims pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, because they raise federal questions pursuant to 28 U.S.C. § 1331. The Court also has supplemental jurisdiction over Mr. Williams' state-law claims pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the acts giving rise to this lawsuit occurred in this judicial district and Defendant conducts business and employed Mr. Williams in Calloway County, Kentucky, which is located within this judicial district.

6. Mr. Williams filed a timely charge of discrimination with the Kentucky Commission on Human Rights, which dual filed the charge with the Equal Employment Opportunity Commission with respect to the claims pursuant to the Americans with Disabilities Act set forth below. Mr. Williams received a Notice of Right to Sue from the EEOC less than ninety days prior to the filing of this Complaint. A copy of Mr. Williams' Notice of Right to Sue letter is attached hereto as Exhibit A.

## FACTUAL BACKGROUND

7. Defendant provides commercial and residential plumbing services.

8. Mr. Williams is a Master Plumber who was employed by Defendant to perform plumbing services.

9. Defendant employed fifteen or more employees at all times during Mr. Williams' employment.

10. As a Plumber, Mr. Williams had to perform duties including jack hammering, assembling pipe sections, and handling plumbing fixtures.

11. On or about April 1, 2016, Mr. Williams notified his boss, Bud Byars, that he was having severe pain in his wrists and asked what doctor he should see about the problem. Mr. Byars said he would get back to Mr. Williams.

12. Mr. Williams asked on two more occasions over the next seven weeks, with Mr. Byars responding each time that he would get back to Mr. Williams.

13. After working with increasingly severe pain for approximately two months and getting no response from Mr. Byars, on May 25, 2016, Mr. Williams asked Mr. Byars if he could go see his chiropractor about the matter. Mr. Byars agreed.

14. Mr. Williams went to his chiropractor that same day and was placed on work restrictions for one week.

15. On or about May 31, 2016, Mr. Byars told Mr. Williams he would need to get a second opinion from a doctor chosen by Defendant. The same day, Defendant's safety consultant told Mr. Williams he should find a different profession, even though Mr. Williams needed only temporary restrictions before returning to his full duties.

16. Later on May 31, 2016, Mr. Williams told Mr. Byars that he had gotten an appointment with the Orthopaedic Institute. Mr. Byars became very upset at this information and personally called to cancel Mr. Williams' appointment.

17. Accordingly, Mr. Williams returned to his chiropractor, who referred him to an orthopaedic doctor, who performed several studies and injections and, when those proved unsuccessful, referred him to a hand specialist in Nashville, Tennessee.

18. Mr. Williams had continued to work full time throughout these months of pain.

19. On July 21, 2016, however, Mr. Williams for the first time took off early due to the pain he was experiencing.

20. Mr. Williams had sufficient accrued leave time to cover his early departure on July 21, 2016 and he did not fail to perform any essential work duties.

21. When Mr. Williams reported to work the next day, on July 22, 2016, however, Mr. Byars terminated him.

22. Mr. Williams had never been issued any discipline during his employment or informed of any problems with his job performance.

23. Mr. Williams performed his job competently at all times.

24. Defendant reasonably could have accommodated Mr. Williams' temporary medical restrictions.

25. Mr. Williams could have performed the essential functions of his job with the reasonable accommodation of abiding by his temporary medical restrictions while he obtained medical care.

26. The actions of Defendant complained of herein were intentional, willful, deliberate, knowing, and malicious.

27. As a direct, foreseeable, and proximate result of Defendant's wrongful actions, Mr. Williams has suffered pecuniary losses in the form of lost income and lost employment benefits as well as severe emotional distress, emotional pain, suffering, inconvenience, mental anguish, and other non-pecuniary losses, all in an amount to be determined at trial.

## COUNT I

### DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

28. Mr. Williams realleges and incorporates herein the allegations contained in Paragraphs 1 – 27.

29. Defendant's actions constitute a violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*

30. Defendant failed to provide a reasonable accommodation of Mr. Williams' legitimate medical needs.

31. Defendant discriminated against Mr. Williams by terminating him due to his disability, because it regarded him as disabled, and/or due to his record of disability even though he was, at all relevant times, physically and mentally capable of performing all essential functions of his job with or without a reasonable accommodation.

32. Defendant's discriminatory actions against Mr. Williams were willful and knowingly committed.

33. As a direct and proximate result of Defendant's adverse treatment of Mr. Williams in violation of the Americans with Disabilities Act, Mr. Williams was injured and suffered damages.

34. Mr. Williams has sustained a loss of back pay, benefits, incidental expenses, and front pay.

35. Defendant engaged in the discriminatory practices alleged in the first cause of action with malice and/or with reckless indifference to Mr. Williams' federally protected rights, making Defendant liable for compensatory and punitive damages pursuant to 42 U.S.C. §§ 1981(a) & (b).

## COUNT II

### RETALIATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

36. Mr. Williams realleges and incorporates herein the allegations contained in Paragraphs 1 – 35.

37. Defendant terminated Mr. Williams because he requested an accommodation he was entitled to request pursuant to the Americans with Disabilities Act.

38. As a result of Defendant's conduct, Mr. Williams suffered damages.

## COUNT III

### VIOLATION OF THE KENTUCKY CIVIL RIGHTS ACT

39. Mr. Williams realleges and incorporates herein the allegations contained in Paragraphs 1 – 38.

40. Defendant's actions in refusing to accommodate Mr. Williams; terminating him on the basis of his disability, perceived disability, or record of disability; and retaliating against him for seeking an accommodation constitute violations of the Kentucky Civil Rights Act, Ky. Rev. Stat. § 344.010 *et seq.*

41. Defendant's violations of the Kentucky Civil Rights Act were willful and knowingly committed.

42. As a direct and proximate result of Defendant's violation of the Kentucky Civil Rights Act, Ky. Rev. Stat. § 344.010 *et seq.*, Mr. Williams was injured and suffered damages.

43. Mr. Williams has sustained a loss of back pay, benefits, incidental expenses, and front pay.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays as follows:

1. That Defendant be served and required to answer within the time prescribed by law;

2. That a jury of eight try this cause;

3. That, upon the trial of this matter, Plaintiff be awarded judgment for damages of the lost compensation he has suffered from the date of Defendant's illegal actions in an amount to be proven at trial;

4. That the Court issue an award of front pay in an amount to be proven at trial in lieu of reinstatement because the actions described herein and the circumstances surrounding the place of employment have made reinstatement impossible;

5. That the Plaintiff be awarded additional compensatory damages pursuant to Counts I – III, including, but not limited to, damages for emotional distress, pain and suffering, embarrassment, and humiliation in an amount to be proven at trial;

6. That Defendant be ordered to pay punitive damages pursuant to Counts I and II in an amount to be determined at trial;

7. That costs and discretionary costs be taxed against Defendant;

8. That costs and attorney's fees be assessed against Defendant pursuant to 42 U.S.C. § 12205 and Ky. Rev. Stat. § 344.450.

9. That pre-Judgment and post-Judgment interest be assessed against Defendant, as provided by law;

10. That such other remedies as shall be necessary and proper to eliminate all violations complained of herein be awarded as provided by law; and

11. For such other and further relief as the Court may find appropriate.

Respectfully submitted,

s/ D. Wes Sullenger
D. Wes Sullenger, KY BAR # 91861
                    TN BPR # 021714

Sullenger Law Office, PLLC
100 Fountain Avenue, Suite 317
Paducah, KY  42001
Voice:  (270) 443-9401
Fax:     (270) 443-3624

wes@sullengerfirm.com

*Attorney for the Plaintiff,*
*Adam Williams*